IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA,    )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )        2:25cv120-MHT
                             )            (WO)
A GLOCK GMBH, MODEL          )
34GEN4,9MM PISTOL, BEARING   )
SERIAL NUMBER BFGR349,       )
                             )
     Defendant.              )
```

**DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

Before the court is the government's motion for default judgment and decree of forfeiture. The court has considered the motion and finds as follows.

On February 12, 2025, the government filed a verified complaint for forfeiture *in rem* (Doc. 1) seeking the forfeiture of defendant Glock GMBH, Model 34GEN4, 9mm pistol, Bearing Serial Number BFGR349. Specifically, the government alleged that the defendant firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), which provides, in part, for the seizure and forfeiture of any firearm or ammunition involved in

or used in any knowing violation of 18 U.S.C. § 922(a)(6).

Pursuant to a warrant of arrest *in rem* issued on February 13, 2025 (Doc. 4), the defendant firearm was served on February 14, 2025, with copies of the verified complaint for forfeiture *in rem* and the warrant of arrest *in rem*. *See* Process Receipt and Return (Doc. 5).

On March 3, 2025, potential claimant Jeffery Pierce was served with copies of the notice of complaint for forfeiture against personal property, verified complaint for forfeiture *in rem*, and warrant of arrest *in rem* at his workplace. *See* Process Receipt and Return (Doc. 6).

Notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication (Doc. 7) filed with the court on June 6, 2025.

On June 11, 2025, the clerk of court entered default against potential claimant Pierce, and all other persons and entities having an interest in the defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to timely defend as required by law.  *See* Clerk's Entry of Default (Doc. 9).

This court has subject-matter jurisdiction over this case.  A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355.  A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. The United States of America is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama.

As the government established in its application and request to enter default (Doc. 8), the requirements

for proper notice set forth in Supplemental Rule G were fully satisfied.

Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the defendant vehicle was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official government website.  The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court.  No person or entity has filed either a claim or an answer to the Verified Complaint for Forfeiture in Rem as to the defendant, and the time to do so has expired.

The factual allegations set forth in the verified complaint show that the defendant firearm is subject to forfeiture pursuant to pursuant to 18 U.S.C. § 924(d)(1), which provides, in part, for the seizure and forfeiture of any firearm or ammunition involved in

4

or used in any knowing violation of 18 U.S.C. § 922(a)(6).

The factual allegations of the complaint are verified by Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Mikeila Bowen, (Doc. 1), and they are undisputed. Consequently, hearings are not necessary to enter or effectuate the default judgment.

The government has shown that (a) the parties that have an interest in the defendant vehicle are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

\*\*\*

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is ORDERED AND ADJUDGED as follows:

(1) The government's motion for default judgment and decree of forfeiture (Doc. 10) is granted.

5

(2) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is entered in favor of plaintiff United States of America and against defendant Glock GMBH, Model 34GEN4, 9mm pistol, Bearing Serial Number BFGR349 and all other persons for failure to timely plead, answer, or otherwise defend.

(3) All right, title, and interest in defendant Glock GMBH, Model 34GEN4, 9mm pistol, Bearing Serial Number BFGR349 is forfeited to and vested in plaintiff United States of America, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

(4) The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this order.

(5) The clerk of the court shall forward a certified copy of this order to the United States Attorney's Office.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 11th day of September, 2025.

                             /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**